DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:	631.287.5520
Fax:	631.283.4735
e-Mail:	DavidLopezEsq@aol.com

MIRIAM TAUBER, ESQ. MT-1979
Attorney for Plaintiff
885 Park Avenue, # 2A
New York, New York 10075
Tel:	323-790-4881
e-Mail:	MiriamTauberLaw@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE,

        Plaintiff,

- against -

CANNAPOWDER, INC,

        Nominal Defendant

-and-

SHAI MARCO COHEN,

        Defendant.

_____/

20-cv-2107

COMPLAINT
FOR RECOVERY OF
SHORT-SWING PROFITS
UNDER 15 U.S.C. SEC. 78p(b)
(SECTION 16(b))

Jury Trial Demanded

THE PLAINTIFF, by David Lopez, Esq., and Miriam Tauber, Esq., her attorneys, complaining of the defendant respectfully alleges the following upon information and belief, except as to paragraph 2 which plaintiff alleges on personal knowledge:

1

## JURISDICTION:

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. § 78aa.

## THE PARTIES AND VENUE:

2. Plaintiff is a security owner of CANNAPOWDER, INC. ("CANNAPOWDER") a Nevada corporation with principal offices and domicile at 2170 Century Park East, #210, Los Angeles, California 90067.

3. At all times relevant the common units of CANNAPOWDER were registered under Section 12(b) of the ACT.

4. This action is brought in the right and for the benefit of CANNAPOWDER which is named as a nominal party defendant solely in order to have all necessary parties before the court.

5. At all times relevant SHAI MARCO COHEN ("COHEN"), was Chairman of the Board, Chief Executive Officer and a more-than-10% beneficial owner of CANNAPOWDER and thereby a so-called 'insider' as that term is understood within the meaning of Section 16(b) of the ACT.

6. COHEN is a citizen of Israel and has an office, a residence or is found at Ben Gurion Street, # 1, B.S.R. Tower 2, Bnei Break L3, 5120149, Israel. As a non-resident alien venue as to COHEN is correct in any district of the United States at the choice of the plaintiff.

**STATUTORY REQUISITES:**

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by a non-exempt person within the meaning of the ACT.

8. Demand for prosecution was made on CANNAPOWDER on April 14, 2020. That letter was responded to on April 30, 2020, by a person – Ron Levy, Esq. – representing himself to speak for CANNAPOWDER as legal counsel, rejecting plaintiff's request for recovery, denying that there exists any short-swing profit to be recovered, threatening plaintiff's counsel with Rule 11 sanctions and containing a "Cease And Desist" demand. A true copy of that extraordinary letter is appended hereto at Exhibit A.

9. Delay in the filing of suit would be a futile gesture.

10. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C 78p(a), Section 16(a) of the ACT, setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission

**FIRST CLAIM FOR RELIEF:**

11. COHEN, through "FI One of a Kind Investments, LLC', an entity in which he held a 20% pecuniary interest, sold 250,000 shares of CANNAPOWDER common stock on November 26, 2019.

12. COHEN, through "MNSCO LLC", an entity in which he held a 49.9% pecuniary interest, purchased at lower prices larger numbers of shares of CANNAPOWDER within less than six month, notably but not to the exclusion of other possible matches, 404,167 shares on November 26, 2019.

13. The foregoing sales and purchases within periods of less than six months while COHEN was an insider of CANNAPOWDER generated recoverable profits under Section 16(b) of the ACT in an amount unknown to Plaintiff but estimated to approximate $10,250. The precise amount to be recovered will be determined through discovery and an accounting.

**SECOND CLAIM FOR RELIEF:**

14. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

15. COHEN, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of CANNAPOWDER within periods of less than six months of each other while an officer, director and more-than-10% beneficial owner of CANNAPOWDER including but not limited to the transactions pleaded in the First Claim For Relief.

16. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of CANNAPOWDER, COHEN realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of CAMMAPOWDER.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring COHEN to account for and to pay over to CANNAPOWDER the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorneys', accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton, New York
May 8, 2020

Yours, etc

_____
David Lopez, Esq.